# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, AT NASHVILLE

| | |
|---|---|
| TOTAL GROUP, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-01115 |
| v. ) | District Judge Eli J. Richardson |
| ) | Magistrate Judge Jeffery S. Frensley |
| DOSTER CONSTRUCTION COMPANY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER

Doster Construction Company, Inc. ("Doster") files the following Answer in response to the Verified Complaint ("Complaint") filed by Total Group, LLC ("Total"):

### Answers to Numbered Paragraphs of Complaint

1. Admitted.

2. Admitted.

3. While it is not disputed that jurisdiction and venue would lie in Davidson County, Tennessee Chancery Court, this action has been properly removed to the United States District Court for the Middle District of Tennessee.

4. It is admitted that Doster is a licensed general contractor, and is admitted that Doster engages in commercial construction.

5. Admitted.

6. It is admitted that Doster was engaged as the general contractor for the buildout of the Halls Chophouse-Nashville, 1600 West End Avenue, Suite 101, Nashville, Tennessee ("Project").

1

7. It is admitted that Total was engaged by Doster to perform work for the Project as described in the parties' Subcontract and is admitted that the Subcontract speaks for itself. Doster denies that Paragraph 7 sets forth the full scope of Total's obligations on the Project.

8. It is admitted that Total performed work on the Project. It is denied that Total completed the scope of work required by the Subcontract.

9. Admitted.

10. It is admitted that Total issued the referenced Contractor's Warranty. It is denied that this instrument sets forth all of Total's post-completion obligations relating to the Project.

11. Admitted.

12. Admitted.

13. Denied as stated. The leak resulted (in whole or in part) from Total's failure to comply with the plans and Subcontract.

14. Denied as stated. The leak resulted (in whole or in part) from Total's failure to comply with the plans and Subcontract. It is admitted that the tenant and/or owner made the decision to modify the kitchen drainage system after the leak.

15. It is admitted that Total performed remedial work on the Project to rectify defects caused by its failure to comply with the Subcontract. Furthermore, at the time Total was asked to perform the remedial work, Doster did not yet know that the damage had been caused (in whole or in part) by Total's failure to comply with the Subcontract. It is admitted that the tenant and/or owner made the decision to modify the kitchen drainage system after the leak.

16. It is admitted that the owner and/or tenant's representative provided additional detailing for the kitchen drainage system after the leak, amongst other things.

17. Denied.

18. Exhibit A speaks for itself. Furthermore, at the time Exhibit A was sent, Doster did not yet know that the damage had been caused (in whole or in part) by Total's failure to comply with the Subcontract.

19. It is admitted that Total performed remedial work on the Project to rectify defects caused (in whole or in part) by its failure to comply with the Subcontract. It is admitted that the tenant and/or owner made the decision to modify the kitchen drainage system after the leak. All other allegations of Paragraph 19 are denied.

20. Exhibit B speaks for itself.

21. Exhibit C speaks for itself.

22. Exhibit D speaks for itself.

23. Exhibit E speaks for itself. It is denied that Exhibit E failed to provide an adequate legal basis for Doster's nonpayment.

24. It is admitted that Total made efforts to secure payment and that Doster has not paid Total. All other allegations of Paragraph 24 are denied.

25. No response is required.

26. Exhibit A speaks for itself. Furthermore, at the time Exhibit A was sent, Doster did not yet know that the damage had been caused (in whole or in part) by Total's failure to comply with the Subcontract.

27. It is admitted that Total performed remedial work on the Project to rectify defects caused (in whole or in part) by its failure to comply with the Subcontract. All other allegations of Paragraph 27 are denied.

28. It is admitted that Total performed remedial work on the Project to rectify defects caused (in whole or in part) by its failure to comply with the Subcontract. All other allegations of Paragraph 28 are denied.

29. It is admitted that Total made efforts to secure payment and that Doster has not paid Total. All other allegations of Paragraph 29 are denied.

30. It is admitted that Total made efforts to secure payment and that Doster has not paid Total. All other allegations of Paragraph 30 are denied.

31. It is admitted that Doster has not made payment to Total. It is denied that any monies are owed to Total.

32. Denied.

33. No response is required.

34. Exhibit D speaks for itself.

35. Exhibit E speaks for itself. It is denied that Exhibit E failed to provide an adequate legal basis for Doster's nonpayment.

36. Exhibit F speaks for itself.

37. It is denied that Doster has failed to provide an adequate legal reason to justify nonpayment.

38. Denied.

39. No response is required.

40. No response is required. To the extent a response is required, Doster denies that Total is entitled to relief under the *quantum meruit* doctrine.

41. It is admitted that Total performed remedial work on the Project to rectify defects caused (in whole or in part) by its failure to comply with the Subcontract. All other allegations of Paragraph 41 are denied.

42. Exhibit A speaks for itself. Furthermore, at the time Exhibit A was sent, Doster did not yet know that the damage had been caused (in whole or in part) by Total's failure to comply with the Subcontract.

43. It is admitted that Total performed remedial work on the Project to rectify defects caused (in whole or in part) by its failure to comply with the Subcontract. It is admitted that Doster was aware Total was performing work, and that Doster never directed Total to stop work. However, the work was necessitated by defects in Total's work on the Project.

44. Denied.

45. Admitted.

46. It is admitted that Doster has not made payment to Total. It is denied that any monies are owed to Total.

All allegations of the Complaint that are not specifically admitted in the above Answer are denied, generally.

## Affirmative Defenses to Complaint

1. Count I of the Complaint fails to state a claim upon which relief can be granted. Specifically, Count I fails because Total cannot establish an essential element of its claim – namely, the existence of an enforceable contract. The agreement purportedly reflected in Exhibit A is not sufficiently definite to be enforced because it does not contain any agreement on the pricing for Total's time and materials work.

2. Count II of the Complaint fails to state a claim upon which relief can be granted. Specifically, Count II fails because Total cannot establish an essential element of its claim – namely, the existence of a written contract as required by Tenn. Code Ann. §§ 66-34-301 & 602(a)(1). Furthermore, Total cannot establish that Doster acted in bad faith in its refusal to pay.

3. Count III of the Complaint fails to state a claim upon which relief can be granted. Specifically, Count III fails because the rates that Total sought to charge for its time and materials work are unreasonable.

4. Total's claims are barred based on its first uncured material breach of the Subcontract and its breach of the implied duty of good faith and fair dealing. In particular, the water event at issue occurred (in whole or in part) because Total failed to install the electrical protections required by Section 110.26(E) of the 2014 NEC. This constituted a breach of the Subcontract and triggered Total's indemnity obligations under Paragraph 30 of the Subcontract.

5. Total's claims are barred because it has no damages and/or based on the doctrines of set off doctrine and unclean hands. Specifically, the costs Total incurred performing remedial work are indicative of the damages that Total would have otherwise been required to pay based on its own breaches of the Subcontract. There are other defects in Total's work on the Project, including related to the dishwasher vent system, that constitute a breach of the Subcontract and allow for set off.

WHEREFORE, based on the foregoing, Doster requests that the Complaint be dismissed, that all costs be taxed to Total, that it be awarded attorney's fees, costs, and expenses under the Subcontract and Tennessee Prompt Pay Act, and for such other relief as may be appropriate.

Respectfully submitted,

/s/ Benjamin E. Goldammer
BENJAMIN E. GOLDAMMER (#026328)
CASEY R. MALLOY (#038440)
Kay Griffin Evans, PLLC
222 Second Avenue North, Suite 340M
Nashville, Tennessee 37201
615-742-4800 (o)
615-742-4801 (f)
ben.goldammer@kaygriffin.com
cmalloy@kaygriffin.com

*Attorneys for Doster Construction Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via e-mail on this 26th day of October 2023 upon the following:

Ernie E. Gilkes
Covenant Law Group, PLLC
320 Seven Springs Way, Ste. 250
Brentwood, TN 37027
ernie@covenantlawgroup.net
*Attorney for Total Group, LLC*

/s/ Benjamin E. Goldammer